IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3083-FL

| | | |
|---|---|---|
| JOHNNIE L. HARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSHUA E. STEIN and DIRECTOR ANDREW HEATH, | ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. On November 30, 2022, the court conducted its initial review of the action pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed plaintiff to file an amended complaint particularizing his claims. Plaintiff complied with the court's order, and the matter now comes before the court for initial review of the amended complaint.

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[1] The following formerly-named defendants was dismissed by court order on November 30, 2022: State of North Carolina, Amy Funderburk, Susie K. Thomas, Douglas R. Gill, Christie Speir Cameron Roeder, and J. Bryan Boyd.

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, the amended complaint is not the model of clarity. Plaintiff names the State of North Carolina and Ellen B. Scouter ("Scouter"), a former assistant attorney general for North Carolina, as defendants. (Am. Compl. (DE 18) at 1, 3). Plaintiff alleges he was wrongfully convicted due to defendant Scouter making false and misleading statements to the court during plaintiff's criminal proceedings. (Id. at 5–6). Plaintiff further appears to allege that he is being denied access to the courts because the North Carolina Attorney General's Office has refused to provide plaintiff with certain court records. (Id. at 7-9). As relief, plaintiff seeks the following:

> Plaintiff request[s] this court to order the Office of the North Carolina Attorney General to release into his custody (without deletions, excisions[,] or alterations) a record of the certiorari filed in the [North Carolina] Supreme Court on [December 28, 1992,] and a record of the State[']s response filed [January 7, 1993,] case [number] 441PA92. If the [Office of the North Carolina Attorney General] cannot provide plaintiff a record of the documents[,] [p]laintiff request[s] this court to order [it] to provide plaintiff with [an] affidavit . . . stating that[,] in July of 1986[,] after the entry was made on the [North Carolina] Supreme Court docket, "Defendant decided not to appeal[;]" the appeal was legally withdrawn.

Id. at 10.

2

Case 5:21-ct-03083-FL   Document 20   Filed 02/28/23   Page 2 of 4

Plaintiff makes no allegations against defendants Joshua E. Stein and Director Andrew Heath. (See id. at 5–9). With respect to these defendants, plaintiff has not offered sufficient factual detail explaining how the named defendants were personally responsible for the alleged constitutional violations. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution.").

To the extent plaintiff alleges his due process rights have been violated and his conviction was unconstitutional, such a claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486–87. The Supreme Court later clarified that § 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). In Wilkinson, the Court again emphasized that habeas corpus was the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81–82. Plaintiff's allegation that he was convicted due to defendant Scouter's false and misleading statements would directly call into question the validity of such conviction. And where plaintiff fails to establish that his prior convictions were overturned or otherwise called into question, the

complaint fails to state a claim.

In addition, to the extent plaintiff is bringing a claim challenging access to the courts, he has not alleged sufficient facts to establish a nonfrivolous "underlying cause of action and its lost remedy" was frustrated or impeded. See Christopher v. Harbury, 536 U.S. 403, 414– 16 (2002); Lewis v. Casey, 518 U.S. 343, 351–55 (1996). Moreover, plaintiff does not allege defendant Scouter is responsible for the decision of the North Carolina Attorney General's Office to provide plaintiff with legal documents. (See Am. Compl. (DE 18) at 7-9). He merely refers to the Attorney General's Office generally. (See id.). Thus, plaintiff has not offered sufficient factual detail explaining how the defendant Scouter was personally responsible for the alleged constitutional violation. See Iqbal, 556 U.S. at 676.

Lastly, as provided in the court's November 30, 2022, order, plaintiff's claims against defendant North Carolina are barred by the Eleventh Amendment to the United States Constitution. Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (barring suits against "nonconsenting states . . . by private individuals in federal court.").

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to add "Ellen B. Scouter" as a defendant on the docket and to close this case.

SO ORDERED, this the 28th day of February, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge